Graham, Judge,
delivered the opinion of the court:
This case involves a contract, dated July 1, 1920, for supplying coal to the Government at Fort Leavenworth, Kans. The contract provides:
“ The contractor shall furnish and deliver to the United States, and the United States shall accept and pay for, the articles of work described, and upon the terms and conditions set forth in Schedule A,’ attached hereto and by reference made part hereof.”
Schedule “A,” among other things, provides:
“ Schedule of Del.: As called for on or before June 30, 1921, by Depot Quartermaster, Fort Leavenworth, Kans.”
and contains the further provision:
“At the expiration of this contract any undelivered material not covered by calls will be automatically cancelled.”
These two provisions of this schedule are not found in the schedule in the Burton Coal Co. case, 60 C. Cls. 294, 273 U. S. 337, but the body of the contract is the same as in that case, and contains the following clause, which was in the contracts in both of these cases:
“ Section 2. Termination in Public Interest.—If, in the opinion of the Quartermaster General, the public interest shall so require, this contract may be terminated by the United States by 15 days' notice in writing from the contracting officer to the contractor, and such termination shall be deemed to be effective upon the expiration of 15 days after the giving of such notice.”
After the date of the contract, but before its execution, the defendant called for the delivery of all of the coal covered by the contract. The defendant thus waived its rights under the two provisions of the contract above recited as to the cancellation of the undelivered coal at the expiration of the contract and the delivery of the coal as called for, and became liable to take all of the coal called for by the contract. It breached the contract by ordering the plaintiff to cease deliveries and its refusal to accept the balance of the coal, and under the decision in the Burton Coal Co. case, supra, it is liable for such damage as the plaintiff suffered by reason of the breach.
*712 A few days after the execution of the contract the plaintiff claimed, and the defendant allowed, a wage increase, as provided in paragraph 19a of the contract, which is as follows:
“ Paragraph 19a. — Prices submitted shall be on the recognized scale of wages for the district in which the mine or mines from which the coal is to be furnished may be located. It is agreed that if at any time during the continuance of the contract the wages so paid for the particular district are increased or decreased the prices agreed upon and provided for in the contract shall be increased or decreased accordingly.”
As this was a contract of purchase, the plaintiff being a mere dealer in coal, buying and selling, and not a mine owner or a producer, it must be held that this wage addition became a part of the contract price to be taken as the basis in estimating the plaintiff’s damage, which is the difference between the contract price and the fair market price at the date of the breach at the place of delivery. See Kellogg and Markham, etc., v. United States, No. F-147, this day decided (post, p. 717), for further discussion of this question.
The question has been raised that the plaintiff was in default in the delivery of coal as ordered, and had thereby failed to comply with its contract. The failure to supply coal as called for was due to causes which the contract provides should not be treated as defaults upon the part of the plaintiff, and therefore can not be treated as a bar to its recovery.
The plaintiff is entitled to a judgment in the sum of $56,073.79, and it is so ordered.
GreeN, Judge; Moss, Judge; and Booth, Chief Justice, concur.